## Adam Creager vs. Adam Link.

An agreement was made between the maker and payee of a promissory note, that another note, and a mortgage to secure it, should be deposited with a witness by the maker, in *full satisfaction* of the first note, which papers the witness was to deliver to the payee as soon as the latter should deliver to him the first note, to be by him delivered to the maker to be cancelled. In *accordance with this agreement*, the maker *did deliver* to the witness the second note and mortgage, and the witness held them for the *use of the payee*, and a suit upon the first note was entered "*off*" and "*satisfied*" by the maker. HELD:

1st. That after this, the maker had no right or power to withdraw his authority from the witness to deliver these papers, and they became the *property of the payee* as soon as he tendered delivery of the first note, in compliance with the agreement, and he could maintain *trover* for them.

2nd. The *agency* of the witness was not revocable at the discretion of the

maker *after* the delivery of the papers; after *that*, the *first* note was the property of the maker, and the payee cannot recover upon *it*, because this agreement and the acts under it sustain the plea of *accord and satisfaction.*

Where money or goods are delivered to a bailee to be delivered to a third person, the bailment is not countermandable *after* the third person has *assented thereto*, if there is a valuable consideration for the bailment.

A remittance of money or goods by a debtor to his agent, to be delivered to a creditor in discharge of his debt, is irrevocable after the creditor has assented thereto and signified his assent to the agent.

APPEAL from the Circuit Court for Frederick county.

*Assumpsit,* by the appellee against the appellant, upon a promissory note.   Pleas, *"non assumpsit"* and *"accord and satisfaction."*

1*st Exception.* The plaintiff proved the execution of the note and there rested his case.   The defendant then offered the testimony of Dennis Etzler, which is fully stated in the opinion of this court.   The plaintiff then *offered* to prove by the same witness the facts also stated in the opinion of this court.   To the admissibility of these offered facts the defendant objected, but the court (NELSON, J.,) overruled the objection, and to this ruling the defendant excepted.

2*nd Exception.* This exception was also taken by the defendant to the court to sustain his objection to the admissibility of testimony similar to that offered in the preceding exception.

3*rd Exception.* The plaintiff then offered in evidence the docket entries of a former suit, brought on the same note, showing the entry of *"satisfied, and off,"* and that the original note was delivered to the plaintiff by order of the court; and proved that these entries were made by order of the plaintiff after the agreement testified to by Etzler had been entered into. The defendant then proved, that the plaintiff had forbidden Etzler to surrender said papers to the defendant, and had notified him that he would hold him responsible for them.   The defendant then offered a prayer, in substance, that if the jury should find from the evidence that there was a full and complete accord and satisfaction, the plaintiff was not entitled to recover, though they might find that defendant had afterwards attempted to prevent the delivery to the plaintiff of the papers

until something further should be done.   This instruction the court refused to grant, and the defendant excepted.

*4th Exception.* The prayer of the defendant, the refusal to grant which constitutes this exception, was, in substance, that if the jury should find as in the preceding prayer, and that after the papers were placed in Etzler's hands the defendant requested him not to deliver them to the plaintiff until some mistake therein should be corrected, and that afterwards the plaintiff demanded of Etzler said papers, but did not deliver or offer to deliver to him said note, and Etzler refused to deliver them to him at that time, then the plaintiff is not entitled to recover.

*5th Exception.* In this exception the court rejected a prayer by the defendant, in substance, that if the jury find the facts stated in the two preceding prayers; and further, that the plaintiff, by his agent, after Etzler refused to deliver the papers to him, claimed the ownership of them and forbid Etzler to deliver them to defendant, and in consequence thereof they yet remain in Etzler's possession, then the plaintiff is not entitled to recover.

*6th Exception.* The defendant excepted to the ruling of the court in granting a prayer of the plaintiff, that unless the jury find from all the evidence that the accord and satisfaction had been fully and completely executed on the part of the defendant by the delivery of the papers to the plaintiff, or his agent, before this suit was commenced, the plaintiff is entitled to recover.

*7th Exception.* In this exception the court refused a prayer by the defendant, that from all the evidence in the cause taken together, the jury may find that the accord and satisfaction pleaded had been fully and completely executed on the part of the defendant before the commencement of this suit.

*8th Exception.* Contains a prayer by the defendant presenting the whole case in a condensed form, but all the questions presented by it are presented, in substance, by the previous exceptions.   This prayer the court rejected, and assigned, as reasons:—1st, because the whole question submitted by it had been decided by the court on the prayer granted to the

plaintiff; and 2nd, because, in the opinion of the court, there is no evidence in the cause from which the jury can infer the facts upon which the prayer is based.

The verdict and judgment being in favor of the plaintiff, the defendant appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON and TUCK, J.

*William P. Maulsby* for the appellant, argued:

1st. That the court below erred in admitting the evidence objected to in the first and second exceptions, because if the accord and satisfaction had been fully executed, it was incompetent for the defendant afterwards to interfere with it and prevent the delivery of the papers to the plaintiff, and therefore the evidence was immaterial and irrelevant to the issue. It could only be admissible for the purpose of proving that the accord and satisfaction had not been fully executed, but this is directly in conflict with the previous statement of the same witness, that it *had been* fully executed.

2nd. That in refusing the defendant's prayer in the third exception, the court necessarily held, that a subsequent dissent, by the defendant from his previously executed agreement with the plaintiff could invalidate that agreement, and that such dissent revoked and annulled the agreement. If this be so, no authority can be necessary to show that the court erred. Can the act of one party annul an executed contract? The delivery of the note by the plaintiff had nothing to do with the accord and satisfaction; that was consummated and complete. If a party agrees to accept, the *promise* to accord and satisfy is *executory*, but if he agrees to accept the *performance* of the accord and satisfaction, it is *executed. Chitty on Cont.*, 654.

3rd. The plaintiff claimed that the papers were his property and that Etzler was responsible to him for them, and therefore claimed and insisted that the accord and satisfaction had been fully executed by the defendant. The court, therefore, erred in refusing the prayer of the defendant in the fifth exception.

4th. The proposition of law contained in the plaintiff's

prayer in the sixth exception is not disputed; but taken in connection with the seventh exception, the question presented is one of fact:—is there evidence in the record, from which the jury would have been legally justified in finding, an executed accord and satisfaction? We say there clearly is such evidence.

5th. The instruction given by the court in the eighth exception was erroneous, because if there was *any* evidence tending to establish the fact, it should not have been given. This doctrine is too well settled to need a reference to authorities.

*Joseph M. Palmer* for the appellee, argued:

1st. That the evidence of Etzler, given on his cross-examination, he being the witness sworn and examined on the part of the defendant, was admissible and competent evidence, and that the court did not commit any error in admitting the same, as contained in the first and second exceptions, for the purpose of proving that the accord specified in the defendant's second plea was not fully executed by the defendant at the time of the institution of the action in this case. This would seem to be a self-evident proposition, requiring no authority to sustain it.

2nd. An accord must be completely executed before it can produce any legal obligation or effect to extinguish the first debt, or create a new one. *Reeves vs. Hearne*, 1 *Mees. & Wels.*, 323. *Lynn vs. Bruce*, 2 *Henry Bl.*, 317. 1 *Bac. Abr.*, 55 to 77, *Accord and Satisfaction, A. & C.* Accord, to be pleadable at all in bar, must be completely executed, for while it remains executory, *although without any default on the part of the defendant,* it is no bar to the action. 1 *Bac. Abr., Accord and Satisfaction, A*, and authorities. 9 *Coke's Rep.*, 79, *b. Allen vs. Harris*, 1 *Ld. Raymond*, 122. Even a performance of part and a tender of performance of the remainder is a bad plea. 9 *Coke*, 79, *b.* 1 *Arch. N. P.*, 219, 224. *Hawley vs. Foote*, 19 *Wend.*, 516. 1 *Saund. Pl. & Ev.*, 26, 28, 32, and cases cited. 11 *G. & J.*, 286, *Sangston vs. Maitland.* The mortgage in this case was void.

3rd. In this case there is not a particle of evidence that the accord was fully and completely executed, but on the contrary, Etzler, the defendant's own witness, proved, positively, that

the plaintiff did not, before action brought, receive the note and bill of sale deposited in the hands of witness, but that witness was prevented delivering them to plaintiff by the order of defendant. He was the agent of *both* parties, and either could revoke the agency at pleasure. The evidence is positive, that the accord was not executed but remained executory at the time action brought, hence the rejection of the third, fourth, fifth, seventh and eighth prayers of the defendant was legally correct, as there was no evidence in the case to sustain either of them. The court is entitled, absolutely, to reject a prayer if at all erroneous. *Gray vs. Crook*, 12 *G. & J.*, 236. Where the court cannot grant the entire prayer as made, though a portion of it, in a separate, distinct form, might have been given, it is not error to reject the whole. 12 *G. & J.*, 484, *Doyle vs. The Commissioners of Baltimore County.* 5 *G. & J.*, 159.

Where the evidence is all on one side, it is not competent for the jury to infer, in the teeth of that evidence, facts necessary to support the defendant's plea, &c., as in this case. 5 *H. & J.*, 32. 7 *H. & J.*, 295. Where there is no evidence applicable to the issue or tending to prove any material fact—a total failure of evidence to prove *a material fact*—the court will direct the jury accordingly. *Davis vs. Barney*, 2 *G. & J.*, 382. It is a settled principle in this State, that the court will and ought to reject a prayer when there is no evidence to sustain it. In this case there is no evidence to sustain the defendant's second plea.

LE GRAND, C. J., delivered the opinion of this court.

This is an action on a promissory note, instituted against the appellant, who pleaded *non assumpsit*, and accord and satisfaction.

There was no question as to the making of the note; the whole defence rested on the plea of accord and satisfaction. The facts which it is important for us to notice may be stated thus: The appellant made his note in favor of the appellee, and failing to pay it at maturity, an action was instituted upon it, but before trial was had the parties made an arrangement,

by which the suit was entered "*off*" and "*satisfied*," and the note, by order of the court, passed to the plaintiff in the action. The present action was subsequently brought on the same note.

The only witness examined in this case was Daniel Etzler, who testified, that on the 5th day of November 1852, the plaintiff and defendant appeared before him, and agreed that a promissory note of that date, and a mortgage bill of sale to secure its payment, (which are set out in the record,) "should be deposited in the hands of the witness, and that the plaintiff should deliver to witness the promissory note in the declaration mentioned, and that said papers should be delivered to plaintiff by witness so soon as the plaintiff should deliver to witness said promissory note, and the witness should afterwards deliver up to defendant the said promissory note to be cancelled; That the said papers, the promissory note of the 5th of November 1852, and mortgage, *were in full satisfaction to plaintiff of the promissory note* in the declaration mentioned; That the defendant did deliver said papers, note and mortgage to witness in conformity with said agreement, and that it was then agreed between the said parties, that the plaintiff should forthwith obtain said note in the declaration mentioned and deliver it to witness for the use of defendant; That every thing was done by defendant which, according to said agreement, he was to do, and that nothing remained to be done on either part, except the delivery by the plaintiff to the witness of the promissory note in the declaration mentioned; That *according to said agreement*, witness held said papers, note and mortgage *for the use of plaintiff, and that it was the duty of witness, by said agreement, to deliver the same to plaintiff so soon as the· plaintiff should deliver to him the note in the declaration.*"

After this evidence was given by the defendant, the plaintiff offered to prove by the same witness, "that the plaintiff called on witness with the promissory note in the declaration mentioned, and offered to deliver up the same to witness, and demanded from witness the delivery to him, the plaintiff, of the said note and mortgage, *and that witness refused to deliver*

34     v.7

Creager *vs.* Link.

*the same to plaintiff, because witness had been forbidden by the defendant to do so on a different occasion, and after the said papers had been placed in witness' hands, as aforesaid, and that the said papers"* were still in the possession of the witness.

To the introduction of this and similar testimony on the part of the plaintiff the defendant objected, and this objection constitutes the first and second exceptions.

In the view we have of the case, it is unimportant we should decide whether or not the ruling in regard to this offer of the plaintiff was correct.

On this state of facts several prayers were presented on behalf of the defendant, and one on the part of the plaintiff. Those of the defendant were rejected, and that of the plaintiff granted.

Without examining with particularity each of the propositions contained in these prayers, we will indicate the principles which, in our judgment, ought to have governed the decision of the case.

There can be no doubt, we suppose, on the mind of any one conversant with the facts of this case, that the defendant, in attempting to withdraw his authority to the witness, to say the least of it, was acting a part far from creditable to himself. Whatever we may think of the morality of his conduct, the question before us for decision is one of *power ;* that is to say : Had he the right and power to divest the plaintiff of his rights under the contract? If he had not, then the note and mortgage in the possession of the depository are and were the property of the plaintiff, so soon as he tendered a compliance with the agreement, and he could then and now maintain *trover* for the note and mortgage, even *if he could not have a* decree in a court of equity for their delivery, in regard to which, however, we pronounce no opinion.

The only question involved in the case is one of *agency ;* whether it was revocable or not at the discretion of the appellant? If it were not, then the plaintiff cannot recover in this action. The proof must determine the true character of the agency which was created by the mutual understanding and

agreement of the parties. The witness testifies, that the note of the 5th of November and the mortgage were deposited with him, "*in full satisfaction to plaintiff of the promissory note*," and also that they were delivered "*for the use of plaintiff*, and that it was the *duty* of witness *by said agreement* to deliver the same to plaintiff," &c.

Nothing could be more direct or less ambiguous than this testimony as to the character of the agreement, and we think the law in regard to it is equally clear and explicit.

Justice Story, in his work on agency, after stating the general principle, that the principal has, in most cases, the right to determine or revoke the authority given to his agent at his own mere pleasure, proceeds to state some of the exceptions to the doctrine; and in section 465, says: "If a broker should deliver money or goods to a bailee, to be delivered to a third person, he may countermand the order at any time before the delivery thereof to the third person, *or his assent thereto. But after the third person has assented thereto, the bailment is not countermandable, if there is a valuable consideration for* the bailment." Again, in section 477, he remarks: "So a remittance to an agent of money or goods, to be delivered to a creditor in the discharge of his debt, is *irrevocable,* after the creditor has assented thereto and *signified his assent to the agent.*" "The ground," he continues, "of this doctrine is, that a party shall not be at liberty to violate his own solemn engagement, or to vacate his own security by his wrongful act; for that would be to enable him to perpetrate a fraud upon innocent persons, who have placed implicit confidence in him, which is against the clearest principles of justice and equity."

Now in the case before us there can be no doubt of the assent of the plaintiff. It was coeval with the agreement itself, and from the moment when the latter was entered into, and the note and mortgage deposited with the witness, the defendant had no power of revocation. The authority to which we have referred is plain to this end.

Holding these views of the facts and law applicable to them,

we are of opinion, that the note sued on in this action is the property of the defendant, and that he has sustained his plea of accord and satisfaction, and accordingly reverse the decision of the circuit court.

We have indicated the remedy which is open to the plaintiff. Inasmuch as there can be no recovery on the note sued on in this case, we refuse a *procedendo.*

*Judgment reversed and procedendo refused.*