# DAVID P. SMITH *vs.* MATTIE J. DARE, JOHN DARE ET AL.

*Agency — Revocation of Power of Attorney—Advances Made by Agent—Power Coupled With an Interest.*

The general rule is that an agent's authority is always revocable at the will of the principal, unless the authority be coupled with an interest in the thing itself, on which the authority is to be exercised, or has been conferred for a valuable consideration moving from the agent.

The owner of a farm, then occupied by tenant, appointed plaintiff agent to collect the rents thereof for a certain commission, until January, 1898. It was provided that plaintiff was "not to advance any rents before due except when absolutely convenient." Plaintiff had made advances in excess of the rents collected when his power of attorney was revoked by deed before January 1st, 1898, and the farm conveyed to a third party in trust, *Held*, that the owner had the right to revoke plaintiff's power of attorney, notwithstanding the fact that he had made advances upon the faith of it; the power not having been conferred as security for such advances, and plaintiff having been under no legal obligation to make them.

Appeal from an order of the Circuit Court for Queen Anne's County (PEARCE, C. J., and MARTIN, J.), dissolving an injunction.

The cause was argued before McSHERRY, C. J., BRISCOE, PAGE, ROBERTS and SCHMUCKER, JJ.

*Olin Bryan* (with whom was *Alfred J. Carr* on the brief), for the appellant.

*George C. Thomas* (with whom was *Philemon B. Hopper* on the brief), for the appellees.

PAGE, J., delivered the opinion of the Court.

In October, 1895, Dare and wife leased to William T. Bishop a certain farm, situate in Queen Anne's County, for the years 1896 and 1897, at an annual rent of six hundred dollars, payable semi-annually on the first days of August and January of each year. On the twenty-seventh day of November, 1895, the Dares executed a power of attorney to David P. Smith, the appellant, by which Smith was appointed the agent " to attend to " the farm, collect the rents " when due," &c.; for which he was to receive a compensation of five per cent. of the gross rents. Shortly after the making of this instrument, Smith began to make advances to the Dares, so that on the seventeenth of February, 1897, they were indebted to him on that account (including interest) about $882.50, all of which advances were made on or before the 23rd of January, 1897. On the 23rd of April, 1898, the Dares by their deed duly acknowledged and recorded, revoked the power of attorney and authority, theretofore given to the appellant, and on the thirtieth of the same month granted unto William S. Isaacs the said farm, in trust, to collect the rents and profits, and after paying the expenses of the trust, including commissions, " to pay over the net balance to the aforesaid Mattie J. Dare, during the term of her natural life." It is agreed by the parties that the last-mentioned deed was made to protect Isaacs, " in debts due by them (the Dares) to him." The rent due from Bishop in August, 1897, not being paid, Isaacs began proceedings in distress, and the constable, one Robert Coursey, by virtue thereof seized

the personalty of the tenant and took it into his possession. The appellant, who was complainant below, seeks by this proceeding to enjoin further proceedings under the warrant of distress; to secure the appointment of a receiver to collect the rents from the tenant now due or hereafter to become due for the year 1897, the same to be applied when brought into Court to the reimbursement of the complainant on account of the sums advanced; and such other relief as his case may require.

The principal question in the case is, whether the power of attorney, under all the circumstances of the case, was revocable by the Dares, without the assent of the complainant. The Court below held that it was, and that it had been effectually revoked by the paper executed by the Dares on the second day of April, 1897, and therefore passed a decree dissolving the injunction theretofore issued. From this decree the appellant has appealed.

The appellant's counsel contends, that the power conferred upon Smith is " more than an authority;" that by a proper construction of the instrument by which it was conferred, it must be held that the parties contemplated that he was to make advances, and the power to collect the rents was conferred upon him to secure him in so doing; that the Dares intended the contract for Smith's protection, and that therefore to set it aside, after Smith had made the advances and before he had been reimbursed, required something more than the pleasure of the Dares, who had " reaped handsome benefits from it."

But this contention is not sustainable. We think it clear that the contract contained in the instrument did not impose upon Smith the obligation of making advances. The full text of the instrument is as follows : " 1st. The said David P. Smith, of Centreville, Queen Anne's County, Md., is hereby empowered or appointed as the agent for the parties of the first part to attend to farm situate in. Queen Anne's Co., Md., now in the tenancy of Wm. T.. Bishop. Is to collect rents when due, and refund same to

the parties of the 1st part, after such money as is necessary for the benefit of the farm has been deducted. Proper judgment to be used when an expense is thought necessary. The said D. P. Smith not to advance any rents before due, except when absolutely convenient, and not to pay any debts contracted before Jan. 1st, 1896. The compensation for the above duty shall be five per cent. of gross rents; and this contract is in force until Jan. 1st, 1898."

No obligation to make advances can be implied from any of the duties that this paper imposes on Smith. He is to collect the rents when due, " and refund the same " to the Dares when such sum as may be necessary for the benefit of the farm has been deducted ; and he is " not to advance any rents before due, except when absolutely convenient ;" that is, that he is not bound to advance at all, unless he choose so to do. Nor can we find in this paper any indications whatever that it was made for the purpose of benefiting Smith, otherwise, than as he was to derive a compensation for the performance of his duties. These are specifically pointed out ; he is to " attend the farm," " collect the rents when due," and refund the same to the parties, after outlays for the farm had been deducted. He must use, however, " proper judgment" when expense is to be incurred; he is not to advance money, unless he choose so to do ; and must not pay any debts contracted before January 1st, 1896. The contract is to be in force until 1st January, 1898. The only provision contained in the paper, inserted for the benefit of Smith, is that which provides for the compensation of five per cent. of gross rents, for the performance of the duties that the instrument imposes upon him. It is clear that the objects of the Dares in executing the paper were to appoint an agent " to attend to the farm," and to confer upon him such powers as in their judgment would enable him more effectively to perform that duty. They do seem to have contemplated that Smith should pay the expenses of the farm, but only out of the rents received. The advances which he could make if he chose were not advance-

ment of money to the Dares, but such as should be applied to the expenses. The instrument, not having been made for his benefit, confers upon him no rights of property in the *corpus* of the property or in the rents, except the power to apply so much of the latter as might be required to meet reasonably necessary expenses.

No analogy exists between a case like this and that of a factor and consignor, as was contended by counsel. In the latter case, by the law merchant and the usages of trade, a factor who has made advances has in a limited sense an ownership of the goods which were consigned to him and are in his possession. *U. S.* v. *Villalonga*, 23 Wall. 35. This follows from the nature of the contract; for the factor is intrusted with the property which is the subject-matter of the agency, with authority to sell the goods and make advances upon them, so that after advances have been made, he thereby acquires an interest in the goods of which he cannot be divested until he has been reimbursed. *Smart* v. *Saunders*, 5 Man. G. & S. 917; *Brown* v. *McGraw*, 14 Peters, 479; *Field* v. *Farrington*, 10 Wall. 141.

In the case at bar, however, the appellant came under no obligations whatever to make advances; he had none of the property that he now seeks to appropriate in his possession; and has since acquired no rights in the farm or the rents thereof, that have not come into his actual possession. The scope of his powers and obligations was, as we have seen, only to attend to the farm, collect the rents, and after the payment of expenses and commissions, to hand over the balance to the Dares. There is no implication to be found anywhere in the contract that his authority, or any part of it, was conferred upon him as a security for indebtedness due to him or thereafter to become due him from the Dares, or that he paid anything for his agency or for any of the powers that were conferred on him. This case, therefore, falls within the principles laid down in *Hunt* v. *Rousmanier*, 8 Wheaton, 174, and in *Attrill* v. *Patterson*, 58 Md. 250. In these cases it was held that " as a general rule an agent's

authority to act for his principal is always revocable at the will of the principal by withdrawing his authority, unless the authority be coupled with an interest, or has been conferred on the agent for a valuable compensation moving from him to the principal;" and that "an authority coupled with an interest" is an "interest in the thing itself on which the authority is to be exercised and not an interest in that which is to be produced by the exercise of the power."

The agency of the appellant being revocable and it having been actually revoked on the second of April, 1898, the deed of the Dares executed on the thirtieth of the same month was effective to transfer all the interest of the Dares to Isaacs, in trust for the purposes therein mentioned.

Finding no error in the decree of the Court, it must be affirmed.

*Decree affirmed.*

(Decided March 14th, 1899).