Arthur Johnson, Defendant in Error, *vs.* The National Bank of Mattoon, Plaintiff in Error.

*Opinion filed February 18, 1926—Rehearing denied April 9, 1926.*

1. Insane persons—*insanity does not revoke power of attorney to confess judgment on note.* The power of attorney to confess judgment on a note, if valid when executed, is not revoked by the subsequent insanity of the maker, and judgment may be entered even after an adjudication of insanity, as the power to confess judgment is security to the creditor and is coupled with an interest.

2. Judgments and decrees—*filing a claim against estate does not affect rights under judgment already entered.* Filing a claim against the estate of a debtor does not affect the security of a judgment for the same debt obtained in the debtor's lifetime, but the judgment remains a valid lien until the claim or the judgment is paid in full.

Writ of Error to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Coles county; the Hon. John H. Marshall, Judge, presiding.

Bryan H. Tivnen, (Thomas R. Figenbaum, and Carus S. Icenogle, of counsel,) for plaintiff in error.

Raymond G. Real, for defendant in error.

Mr. Justice Farmer delivered the opinion of the court:

This case comes to this court by petition for *certiorari* to review a judgment of the Appellate Court affirming a decree of the circuit court granting the prayer of a bill in equity to quiet title of the complainant to real estate and to declare void a judgment, execution issued thereon and levy of the same on the land.

The facts alleged in the bill are, that the land involved, which is situated in Coles county, previously belonged to George F. Hoots. On July 30, 1920, Hoots was adjudged

insane by the county court of Macon county and R. G. Real was appointed conservator for him, qualified as such and took possession of all of the property of Hoots. By virtue of a decree of the county court of Macon county entered November 3, 1920, Real sold the property of his ward at public sale and the land involved was purchased by Albert Daily. The sale was approved by the court, and on the 14th day of January, 1921, a deed was delivered to Daily conveying the land to him. On February 20, 1923, Daily executed a warranty deed for the land to Arthur Johnson, the complainant in the bill, which deed was duly recorded March 3, 1923. At the time Daily purchased the land at the conservator's sale he was informed and knew there was an alleged judgment in the circuit court of Coles county in favor of the National Bank of Mattoon, defendant to the bill, for $1101.94, which was taken by confession on an alleged power of attorney contained in the note alleged to have been previously executed by Hoots and his wife, Mabel. The judgment was entered by confession August 10, 1920. Execution on said judgment was levied by the sheriff of Coles county the same day and a certificate of levy filed in the recorder's office. The bill alleges complainant was advised the judgment was not a lien against the land of Hoots for the reason that he was declared insane July 30, 1920, and the power of attorney upon which the judgment was taken was thereby revoked and became null and void by operation of law. The bill alleges complainant requested the defendant bank to release the apparent lien of the judgment as to the land he claimed title to but the bank refused to do so, and the judgment and levy are a cloud upon his title and will interfere with his selling or mortgaging the land. The bill further alleges the bank had taken no further steps to enforce its judgment than the issuing of an execution and levying it upon the land; that November 11, 1922, the bank filed its claim by virtue of said note in the county court of Macon county against the estate of Hoots without

any reference to or basing its claim upon the judgment; that the claim was allowed November 16, 1922, in the sum of $1175 as an unsecured claim, to be paid in due course of administration. Answer under oath was waived, and the bill prayed that upon a hearing the judgment, and the levy made by the sheriff of Coles county, be declared null and void; that the complainant's title may be quieted and cleared of the apparent lien of the judgment. The National Bank of Mattoon answered the bill, the material substance of the answer being that the judgment in its favor, entered by confession in vacation on August 10, 1920, was against George F. Hoots and his wife, Mabel, and that it had never been vacated, annulled or modified; denies the power of attorney contained in the note upon which judgment was confessed was revoked and became null and void by reason of the adjudication of insanity of Hoots; admits the bank filed its claim in the county court of Macon county against the estate of Hoots; that the claim was allowed in the sum of $1175 as an unsecured claim, but denies it had received payment of a dividend upon said claim; avers the judgment entered by confession on the note was a joint judgment against Hoots and his wife, and that the wife was not made a party to the bill nor was the conservator. The answer denies the complainant is entitled to the relief prayed.

It will perhaps be of some advantage to here repeat certain important dates. Hoots was declared insane by the county court of Macon county and a conservator appointed for him July 30, 1920. The judgment by confession in favor of the National Bank of Mattoon was entered in the circuit court of Coles county in vacation August 10, 1920. The decree of the county court of Macon county authorizing the conservator to sell the land of Hoots was entered in that court in November, 1920. We cannot find in the abstract the date of the sale to Daily, but it is not denied that he was the purchaser at the sale and that the sale was approved and deed delivered to him January 14, 1921, and

it was stipulated defendant in error was in possession of the land under a deed from Daily when he filed the bill. The bill alleges the sale to Daily was approved by the county court of Macon county January 4, 1921, and that allegation is not denied. The bill alleges the judgment by confession on August 10, 1920, was by virtue of an alleged power of attorney "contained in said note, alleged to have been previously executed" by Hoots and his wife, Mabel. The proof shows the date of the note and power of attorney is May 1, 1920.

The case has been submitted upon the petition for the writ of *certiorari* and the answer thereto without further briefs, and is argued on both sides on the assumption that the note and power of attorney were executed prior to the adjudication of Hoots as insane, and involves the decision of the question whether such a power of attorney was revoked and became null and void upon the adjudication of Hoots' insanity, which was prior to the confession of the judgment in vacation.

In his answer to the petition for the writ of *certiorari* defendant in error contends the writ should be denied because the errors complained of involve the construction of a power of attorney to confess judgment, which power of attorney does not appear in the record. The record shows defendant in error introduced in evidence as Exhibit 2 a copy of the claim filed by plaintiff in error in the county court of Macon county against the estate of Hoots, embracing a copy of the note and power of attorney to confess judgment. The note is dated May 1, 1920, and the power of attorney is in the usual form of such powers used by banks. The only question necessary to be determined is whether the subsequent adjudication of insanity revoked and annulled the power. If it did, the judgment was entered by confession without jurisdiction to enter it and would be void.

The Appellate Court for the Third District, in *National Bank of Mattoon* v. *Seass*, 158 Ill. App. 125, held that the power and warrant of attorney to confess judgment are part of the same paper as the note and signed by the makers; that the power and warrant are security to the holder of the note and not revocable. That decision, it was urged in the petition for the writ, is in conflict with the decision of the Appellate Court in this case, and is a special reason why the judgment of the Appellate Court should be reviewed by this court.

That the power of attorney and note upon which the judgment was confessed were executed May 1, 1920, is not disputed. It is, as we have said, conceded by defendant in error they were executed before the adjudication of insanity, and the important question argued is whether the power was revoked by operation of law by that adjudication. It is not contended by defendant in error that Hoots was insane when the power was signed by him authorizing the confession of judgment, so the question is not whether an insane person can confess a judgment, but whether a power in a note authorizing the confession, signed by a sane man, is revoked by adjudication that he is insane before judgment is entered. While the power to confess a judgment without process must be clear and must be strictly pursued, no objection is pointed out to the form of the power in this case or to the proceeding in taking the judgment by confession, and if there was any irregularity in that respect it should be shown by defendant in error. In the absence of any showing of that kind we are justified in assuming there was no such irregularity.

The question here involved has not previously been the subject of adjudication by this court. Other courts and text writers hold that a power of attorney to confess judgment on a note based on a proper consideration is security to the creditor, is coupled with an interest and is irrevocable. The entry of the judgment is not a new act of the debtor but

is a legal result beyond his control. The statute is power-
less to destroy the binding effect of a valid and irrevocable
power of attorney. (*Wassel* v. *Reardon*, (Ark.) 54 Am.
Dec. 245; *Grandin* v. *Emmons*, (N. Dak.) 88 A. S. R.
684; *Savings Bank* v. *Schranck*, (Wis.) 39 L. R. A. 569;
15 R. C. L. 658.) The precise question here presented
was passed upon in *Spencer* v. *Reynolds*, 9 Pa. Co. Ct. 249.
That court said in its opinion: "Lunacy will revoke any
power of attorney that the principal might have revoked had
he remained sane. It will not revoke what a sane principal
could not revoke. A warrant of attorney to confess a judg-
ment, as used in connection with notes in Pennsylvania, is
not revocable. It is not a power coupled with an interest,
but it is a power which has grown up under our common
and statute law which the defendant cannot by any act of
his revoke. Here is a power conferred by a man in the
full possession of his faculties. It is placed in the hands
of the creditor, to be used by him at his pleasure. Why
should the debtor's insanity do for him what he had not
the power to do if in the full possession of his mind? We
can see no good reason for this and the research of coun-
sel has furnished no authority to sustain such a position."
That lunacy will not revoke a power of attorney to confess
a judgment which was valid when executed is the correct
rule, as stated in 1 Black on Judgments, (2d ed.) sec. 61,
1 Mechem on Agency, (2d ed.) sec. 679, 1 Elliott on Con-
tracts, p. 689, note 20, and 1 Beach on Contracts, sec. 18,
and is substantially so decided in *David* v. *Lane*, 1 N. H.
156, and by the Supreme Court of Wisconsin in *McCaul* v.
*Thayer*, 35 N. W. 355. The last case mentioned holds, as
do the cases generally, the power is security to the holder
of the note, and it would seem to follow that it is coupled
with an interest.

The power of attorney to plaintiff in error to confess
judgment was irrevocable during Hoots' lifetime. The

judgment could not have been entered under the power after his death because no valid judgment could be rendered against a dead man, but if the power was a valid one when executed by Hoots it was irrevocable by him and was not revoked by his being adjudged insane. In *Grandin* v. *Emmons, supra,* the question of the effect of the death of a mortgagor upon a power of sale contained in the mortgage given the mortgagee to sell the premises at public auction was involved. The premises were advertised for sale and sold without a decree of court. The opinion of the court contains an interesting discussion of the rules governing powers revocable and irrevocable and when death or insanity will revoke a power executed, and holds the death of the mortgagor did not revoke the power of sale.

We think it must, in obedience to authority based on sound and logical reasons, be held that the power to confess judgment was given as security to the creditor; that it was therefore coupled with an interest, and was not revoked or affected by the subsequent insanity of Hoots.

Plaintiff in error did not release the security of its judgment or estop itself from enforcing the judgment by filing its claim against the estate of Hoots. If the claim was paid in full that would satisfy the judgment, or if paid in part would satisfy it *pro tanto,* but the judgment remained a valid lien until paid in full.

We are of opinion the circuit court erred in rendering its decree and the Appellate Court erred in affirming it.

The decree of the circuit court and the judgment of the Appellate Court are reversed and the cause remanded to the circuit court, with directions to dismiss the bill.

*Reversed and remanded, with directions.*