*196
 
 Kinkade, J.
 

 Swisher, for a valuable consideration, executed and delivered to the cigar company his ten promissory notes, each note containing a warrant of attorney authorizing any attorney at law to confess judgment in favor of the owner and holder thereof at maturity, if the maker defaulted in payment, and to waive all rights of error and appeal. At the same time, and based upon the same consideration, Swisher executed and delivered to the cigar company a separate power of attorney authorizing any attorney at law to confess judgment upon all of the notes if the maker defaulted in payment of notes at maturity, and to waive all rights of error and appeal. These notes and the powers of attorney were executed and delivered by Swisher to make the notes satisfactory to the cigar company and to induce the cigar company to accept the notes, which the company would not otherwise have done, and the notes and the powers of attorney were each and all parts of the same transaction.
 

 At the same time the notes were given, and based on the same consideration, Swisher executed and delivered to the cigar company an assignment of a half interest which he owned in a certain agreement of trust covering valuable California real property, and provided in the assignment that, if default should be made by Swisher in the payment of the notes, then the cigar company was authorized to sell his interest in the trust agreement and apply the proceeds received from such sale upon the notes. This assignment by Swisher was made likewise as a part and parcel of the same transaction and based upon the same consideration and was given by Swisher to the cigar company as an additional security for the payment of the notes at maturity.
 

 
 *197
 
 Subsequent to tbe time of tbe execution and delivery of tbe notes, and before any judgment bad been entered tbereon pursuant to the warrants of attorney, a court having jurisdiction of tbe person of Swisber found and adjudicated that Swisber was then mentally incapacitated to manage and control bis own affairs, and for that reason tbe court duly appointed a guardian of bis person and empowered tbe guardian to take charge of bis personal affairs. While tbe guardianship was in full force and effect, default was made in tbe payment of tbe notes, and tbe cigar company caused a petition to be filed in tbe court of common pleas, including eleven causes of action, one cause of action upon each of tbe ten promissory notes and tbe eleventh cause of action covering tbe assignment of tbe interest in tbe trust agreement. Judgment was entered by confession upon tbe ten notes, pursuant to tbe powers of attorney contained therein. Tbe court further ordered the sale of the trust agreement interest, and ordered tbe proceeds of tbe sale to be applied as a credit upon tbe judgment entered by confession on tbe notes. No summons was issued or served upon Swisber in this action. All rights of appeal and error were waived by tbe attorney who confessed judgment upon tbe notes, pursuant to tbe warrants of attorney.
 

 Tbe facts and proceedings above stated gave rise to the issue here presented by reason of an attempt on tbe part of tbe guardian of Swisber to have tbe judgment entered vacated and held for naught, on tbe ground that tbe court bad no jurisdiction to enter tbe same, for tbe reason that Swisber was then under guardianship. This was tbe only defense
 
 *198
 
 to the action upon the notes presented in behalf of Swisher. The trial court found the issues in favor of the cigar company and sustained the judgment entered upon the notes, and, in addition, the court ordered the sale of Swisher’s interest in the trust agreement and the application of the proceeds as a credit upon the judgment. A public sale was made, and, the cigar company being the only bidder therefor, the interest was sold to the cigar company, and the amount of the sale was credited upon the judgment. The Court of Appeals affirmed the order and judgment of the trial court, and error is now prosecuted to this court.
 

 This is a clear case of a power coupled with an interest. The authorities are practically unanimous that a power coupled with an interest cannot be revoked by the giver of the power, and the authorities are nearly all in accord with the position that, where the giver of the power cannot himself revoke it, then, if he becomes mentally incapacitated and a guardian is appointed for him, the guardian has no authority to accomplish the thing that the giver of the power could not himself accomplish if he were capable of acting in his own behalf.
 

 The warrant of attorney authorizing the confession of judgment upon the notes at maturity is a very valuable incident to this class of property. It has long been the practice of banks, trust companies, commercial institutions, and others in business to insist upon having warrants of attorney written into notes that they take. It is, for many obvious reasons, a very valuable additional security for the payment of money loaned, and the form of notes such as taken in this case is very common throughout the country.
 

 
 *199
 
 It is said by counsel for plaintiff in error that this is not a power coupled with an interest because it is not an interest in the thing itself, but is an interest in the results of the exercise of the power. We cannot see any substantial merit in this claim. Cases might be cited where the power is not one to confess judgment, but one to effect a sale of real or personal property, in which the courts have said that, if there was no interest in the property itself conveyed, then the power to effect a sale is a mere naked power not coupled with an interest, and is revocable.
 

 We are quite unable to see how a power to confess judgment at the maturity of a note, when payment is defaulted, can be anything other than a power coupled with an interest.
 

 Hunt
 
 v.
 
 Rousmanier’s Administrators,
 
 21 U. S. (8 Wheat.),
 
 174, 5
 
 L. Ed., 89, is a most instructive case on the subject of entering judgments on warrants of attorney. The opinion in the case was written by Chief Justice Marshall of the United States Supreme Court. The first five paragraphs of the syllabus read as follows:
 

 “A'letter of attorney may, in general, be revoked by the party making it, and is revoked by his death.
 

 “Where it forms a part of a contract, and is a security for the performance of any act, it is usually made irrevocable in terms, or if not so made, is deemed irrevocable in law.
 

 “But a power of attorney, though irrevocable during the life of the party, becomes (at law) extinct by his death.
 

 “But if the power be
 
 coupled with an interest,
 
 it survives the person giving it, and may be executed after his death.
 

 
 *200
 
 ‘ ‘ To constitute a power
 
 coupled with an interest,
 
 there must be an interest
 
 in the thing itself,
 
 and not merely in
 
 the execution of the power .”
 

 We cite the following authorities:
 
 Hoffmaster
 
 v.
 
 G. M. McKelvey Co.,
 
 88 Ohio St., 552, 106 N. E., 1061;
 
 Executors of Hill
 
 v.
 
 Day,
 
 34 N. J. Eq., 150;
 
 Matthiessen & Weichers Refining Co.
 
 v.
 
 McMahon’s Administrator,
 
 38 N. J. Law, 536;
 
 Bonney
 
 v.
 
 Smith,
 
 17 Ill., 531;
 
 Johnson
 
 v.
 
 National Bank of Mattoon,
 
 320 Ill., 389, 151 N. E., 231, 44 A. L. R., 1306;
 
 Lightner’s Appeal,
 
 82 Pa., 301;
 
 First National Bank of Las Cruces
 
 v.
 
 Baker,
 
 25 N. M., 208, 180 P., 291.
 

 The trial court was clearly authorized to enter judgment in favor of the cigar company on the ten causes of action covering the ten promissory notes set forth in the petition, and the action of the court in that regard will be affirmed; but, in view of the fact that no summons was issued and served upon Swisher with respect to the eleventh cause of action, the trust agreement, we hold that the action of the court in entering an order for the sale of his interest in the trust agreement covering the real property in California was not warranted, and the action of the court in ordering the sale and appropriation of the proceeds to the payment of the notes will be reversed.
 

 Judgment modified cmd affirmed as modified.
 

 Marshall, C. J., Robinson, Jones, Matthias, Lav and Allen, JJ., concur.