JOEL ACKER *v.* CECIL NATIONAL BANK.

[No. 75, October Term, 1931.]

*Decided January 14th, 1932.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, and SLOAN, JJ.

*R. Contee Rose* and *Walter H. Buck,* submitting on brief, for the appellant.

*William J. Bratton,* for the appellee.

BOND, C. J., delivered the opinion of the Court.

The question in this case and the next is whether the power or warrant in a promissory note authorizing an attorney to confess judgment for the amount due can be exer-

cised, and the judgment confessed and entered, under that authority, when the debtor has previously become insane. The question assumes that the maker was competent at the time of the making of the note; insanity at that time would go to invalidate the note and the power in it from the beginning. It is a question of the applicability of the rule that incompetency of a principal or donor of a power revokes authority or power previously given. In this first case, the note was made by Joel Acker under date of December 3rd, 1929, he was adjudged a lunatic on April 9th, 1930, and judgment on the note was confessed and entered on April 28th, 1930. Nearly a year later, on March 5th, 1931, the committee filed a motion to strike out the judgment by confession because of the intervening lunacy, and the motion was overruled. The appeal is from the overruling of that motion.

Exactly this question has never before been raised in this court. But it has been considered by other courts and by text-writers, and the unanimous conclusion, we find, has been that the lunacy does not revoke the power previously given, and so does not prevent execution of it, and confession and entry of the judgment. 3 *Freeman, Judgments* (5th Ed.) 2724; 1 *Black, Judgments* (2nd Ed.), sec. 61a; *Klein, Judgments by Confession*, 52; *McCarty, Confession of Judgments*, sec. 136; 1 *Mechem, Agency* (2nd Ed.), sec. 679; 1 *Elliott, Contracts*, 689, note 20; 1 *Beach, Contracts*, sec. 18; *Spencer v. Reynolds*, 9 Pa. Co. Ct. R. 249; *Johnson v. Nat. Bank*, 320 Ill. 389, 393, 151 N. E. 231; *McCaul v. Thayer*, 70 Wis. 138, 144, 35 N. W. 353, 355; *Davis v. Lane*, 10 N. H. 156. "A mortgagee's power of sale," says Mechem, *supra*, "is not revoked by the after-occurring insanity of the mortgagor, or a power of attorney to confess judgment given as part of the security for money loaned."

It is the contention of the appellant that this conclusion can be reached only by departure from the principles governing agencies and powers, because under those principles the only exception to the rule that incompetency revokes a power of attorney is to be found in a case in which the power given

is coupled with an interest in property to be dealt with in the exercise of the power, and in a power of attorney to confess judgment there is no such interest to be affected. But the contention confines the exceptions within too small a range. Insanity revokes an agency or power ordinarily because the ordinary agent acts only in performance of the free will of the principal, and therefore, when the principal ceases to have any competent will, such an agency or power must cease with it. But that result could not follow when the agent or donee of the power, even though there is no dealing with property involved, has a delegation of power which by a stipulation upon valuable consideration has been made binding on the principal beyond revocation at his will. In *Spencer v. Reynolds,* supra, which has remained as the leading case on the point, apparently because of the strength of its reasoning, the court said: "Lunacy will revoke any power of attorney that the principal might have revoked had he remained sane. It will not revoke what a sane principal could not revoke. * * * Here is a power conferred by a man in the full possession of his faculties. It is placed in the hands of the creditor, to be used by him at his pleasure. Why should the debtor's insanity do for him what he had no power to do if in the full possession of his mind? We can see no good reason for this, and the research of counsel has furnished no authority to sustain such a position." "The entry of the judgment is a mere legal consequence of the giving of the judgment note. It is not a new act by the debtor, but a natural and legal result, beyond his control." *McCaul v. Thayer, supra.* And this court, too, has already said that: "It may be laid down, as a general rule, that an agent's authority to act for a principal, is always revocable at the will of the principal; * * * unless the authority be coupled with an interest; or has been conferred on the agent for a valuable consideration moving from him to the principal." *Attrill v. Patterson,* 58 Md. 226, 250; *Creager v. Link,* 7 Md. 259, 267; *Smith v. Dare,* 89 Md. 47, 51, 42 A. 909; *Howard v. Street,* 125 Md. 289, 300, 93 A. 923; *Hill v. Iglehart,* 145 Md. 537, 552, 125 A. 843.

In this case, the authority to confess judgment was a delegation of power to secure, by that method, repayment of a loan made, and was part of the consideration for the loan; and under the rule stated it was not revoked by the incompetency of the maker and principal.

*Judgment affirmed, with costs to the appellee.*