Taft, J.
Plaintiff argues that, since the warrant of attorney in the note expressly authorizes confession of judgment against defendants “at any time after this obligation becomes due” and authorizes the attorney so confessing “to execute a release of all errors or right of appeal, ’ ’ the attorney confessing judgment was authorized to confess such judgment after the statute of limitations had run; and that, even if it was error to do so, such attorney was authorized to waive such error.
If this argument of plaintiff were sustained, then, *501 by delivering a note incorporating such a warrant of attorney, the effect upon the maker of the note would be substantially the same as if he had promised at the time of such delivery not to plead the statute of limitations. Generally, such an undertaking is regarded as against the public policy of the statute of limitations and consequently unenforceable. See 1 Williston on Contracts (Rev. Ed.), 584, Section 183.
It is well established that a warrant of attorney to confess judgment on an obligation, even if it does contain such provisions, does not authorize a confession of judgment after an action on the obligation has become barred by a statute of limitations. 31 American Jurisprudence, 111, Section 471.
Section 11221, General Code, provides:-
“An action upon a specialty or an agreement, contract or promise in writing shall be brought within fifteen years after the cause thereof accrued. ’ ’
Therefore, except for the payments claimed to have been made on the note, an action thereon would have-been barred when the petition of plaintiff in the instant case was filed.
However, Section 11223, General Code, provides:
“If payment has been made upon any demand founded on a contract, or a written acknowledgment thereof, or a promise to pay it has been made and signed by the party to be charged, an action may be brought thereon within the time herein limited, after such payment, acknowledgment or promise.”
In support of its position plaintiff argues (1) that, in the hearing on defendants’ petition to vacate the judgment, the burden of proof was on defendants to establish by a preponderance of the evidence (Bulkley v. Greene, 98 Ohio St., 55, 120 N. E., 216; Interstate Life Assurance Co. v. Raper, 78 Ohio St., 113, 84 N. E., 754) that the payments, which the notations on the note indicate were made within fifteen years of the filing of plaintiff’s petition, were not made *502 as indicated by those notations, (2) that those notations, because apparently made before the statutory period of limitations had elapsed, represent declarations against interest by plaintiff and were therefore admissible as some evidence of the payments indicated (see annotation, 59 A. L. R., 914), (3) that the Common Pleas Court, as the trier of the facts, could disbelieve the testimony of the interested defendants and determine as it did that they had not sustained the foregoing burden of proof (see 39 Ohio Jurispurdenee, 812, Section 188), and (4) that the Court of Appeals, by in effect rendering final judgment for defendants on their petition to vacate, has improperly substituted its conclusions on questions of fact for the conclusions of the trial court on those questions (see Henry v. Henry, 157 Ohio St., 319, 105 N. E. [2d], 406).
In our opinion, these arguments do not justify a reversal of the judgment rendered by the Court of Appeals.
Plaintiff can not prevail in any event unless mere payments by an obligor on a cognovit note operate not only to extend the time within which an action may be brought on the note for 15 years, as provided in Section 11223, General Code, but also to extend the time within which an attorney is authorised, by the warrant of attorney in such cognovit note, to confess a judgment against such obligor.
A warrant of attorney in a cognovit note, authorizing an attorney to confess judgment against the maker, is only a grant of authority by the maker as principal to such attorney to act as his agent in confessing such a judgment. Ordinarily, where one grants authority to another to act as his agent for him, the authority so granted may be revoked at any time and, if not revoked, must be exercised within a reasonable time. However, a warrant of attorney incorporat *503 ed in a promissory note has been said to represent a grant by the maker of such note of a “power coupled with an interest” and therefore to be irrevocable. Swisher v. Orrison Cigar Co., 122 Ohio St., 195, 171 N. E., 92. But cf. Hoffmaster v. G. M. McKelvey Co., 88 Ohio St., 552, 106 N. E., 1061, and Haggard v. Shick, 151 Ohio St., 535, 86 N. E. (2d), 785, holding such power to be revoked by death. Apparently, the power granted by such a warrant of attorney was so described in order to justify the characteristic of irrevocability inherent in it during the life of the grantor, a characteristic likewise inherent in a power coupled with an interest. However the real reasons why the power conferred by such warrant of attorney is irrevocable during the life of the grantor of the power are that the parties to the note, in which said warrant is incorporated, are considered as a matter of law to have agreed that the power, granted by such warrant, should be irrevocable, and there is consideration for the agreement of the grantor so implied as a matter of law.
Thus it is said by Mr. Chief Justice Marshall in the court’s opinion in Hunt v. Rousmanier’s Admrs., 8 Wheaton, 174, 201, 5 L. Ed., 589:
“As the power of one man to act for another depends on the will and license of that other, the power ceases when the will, or this permission, is withdrawn. The general rule, therefore, is, that a letter of attorney may, at any time, be revoked by the party who makes it; and is revoked by his death. But this general rule, which results from the nature of the act, has sustained some modification. Where a letter of attorney forms a part of a contract, and is a security for money, or for the performance of any act which is deemed valuable, it is generally made irrevocable in terms, or if not so, is deemed irrevocable in law. Although a letter of attorney depends, from its nature, on the will of the person making it, and may, in general, be recalled at *504 his will; yet, if he binds himself for a consideration, in terms, or by the nature of his contract, not to change his will, the law will not permit him to change it. Eousmanier, therefore, could not, during his life, by any act of his own, have revoked this letter of attorney. But does it retain its efficacy after his death? We think it does not. We think it well settled, that a power of attorney, though irrevocable during the life of the party, becomes extinct by his death. ’ ’
The implied agreement of the defendants, that the grant of authority involved in the cognovit provisions of the note should be irrevocable, is in an “agreement * * * in writing,” within the meaning of Section 11221, General Code, and so governed by that fifteen-year statute of limitations. However, Section 11223, General Code, does not provide for an extension of the time within which such warrant of attorney may be exercised. It deals with a ‘ ‘ demand ’ ’ upon which there may be a “payment,” and a “promise to pay” such a “demand.” It does not purport to deal with anything which would include a grant of power or authority to an agent or attorney to act on behalf of the grantor or an agreement not to revoke such grant.
Even if we assume that payments on a note may ever justify, without any statute, the implication of an agreement by the obligor on the note, which would include not only a new promise to pay the obligation evidenced thereby but a new grant of the power evidenced by the warrant of attorney and a new implied agreement that it will not be revoked, it is apparent that such agreement implied from mere payment represents at most an agreement ‘ ‘ not in writing. ’ ’ Such agreement would be governed by Section 11222, General Code, reading:
“An action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued. ’ ’
*505 The only case which we have been able to find which considers this problem is Cross v. Moffat (1888), 11 Colo., 210, 17 P., 771, in which the decision reached seems to be contrary to onr conclusions. We believe that the basis for reaching the decision rendered by the Colorado court in that case is found in the following words of its opinion: “The part payment upon the note operated as a redelivery thereof.”
However, in our opinion, unless there is some statute giving it greater significance, part payment is significant, in operating to extend the statutory period of limitations, only because such part payment justifies the implication of a new promise. See Kerper v. Wood, 48 Ohio St., 613, 620, 29 N. E., 501, 15 L. R. A., 656 (“Payments are, at most, but evidence from which a promise may be inferred”); Marienthal v. Mosler, 16 Ohio St., 566, 570, 571; 1 Williston on Contracts (Rev. Ed.), 566, Section 174; 34 American Jurisprudence, 263, Section 333.
While the case of Commonwealth Loan Co., Inc., v. Firestine, 148 Ohio St., 133, 73 N. E. (2d), 501, 172 A. L. R., 993, might be distinguished on other grounds, it is sufficient to state that it is not applicable in the instant case because, as the findings of fact made by the trier of the facts in that case clearly indicated, the statutory period of limitations had not elapsed when the judgment was taken pursuant to the warrant of attorney.
Plaintiff contends that the ground for vacating the judgment, set forth in the defendants’ petition to vacate, was that the notations relative to payments on the note were “false and fraudulent,” and that defendants failed to establish such ground. However the petition to vacate, as well as the record before the filing of that petition, discloses the fact that the judgment was confessed pursuant to an authority which no longer existed. This clearly represented ground for vacation of the judgment pursuant to Section *506 11631, General Code. Even if defendants alleged more than was necessary, that does not prevent them from getting the relief to which, on the facts alleged, they are entitled. See Tallmadge, Exr., v. Robinson, ante, 333, 109 N. E. (2d), 496.
Both parties concede that the Court of Appeals should not have ordered vacation of the judgment, but should merely have suspended it pending a trial upon the merits of the defenses set forth in the answer of the defendants. See Section 11636, General Code. The judgment of the Court of Appeals is therefore modified in that respect and as so modified is affirmed.

Judgment modified and, as modified, affirmed.

Middleton, Matthias and Zimmerman, JJ., concur.
Weygandt, C. J., concurs in the judgment.
Stewart, J., concurs in paragraphs one and two of the syllabus and in the judgment.
Hart, J., not participating.