**SCOTT PAPER COMPANY, Appellant,**

v.

*Robert P. JOHNSON, Appellee.*

**No. 4489.**

Court of Civil Appeals of Texas.

Waco.

July 28, 1966.

Carrington, Johnson & Stephens, Fletcher L. Yarbrough, Dallas, for appellant.

David M. Ivy, Dallas, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Scott Paper Company from summary judgment that it take nothing, in a suit for enforcement of a Pennsylvania judgment.

Plaintiff Scott sued defendant Johnson upon a final judgment for $2384.70, which it secured against defendant in the State of

Pennsylvania. Defendant answered by sworn pleadings, alleging the foreign judgment was obtained under a confession of judgment contained in a note signed and executed in Dallas, Texas; that such confession of judgment is contrary to public policy and laws of Texas; is a void judgment and not subject to enforcement under the full faith and credit provisions of the United States Constitution; and that the judgment was obtained by fraud, in that plaintiff's agent assured defendant it would sign the note as a co-maker, whereas it guaranteed payment of the note.

Both plaintiff and defendant moved for summary judgment.

The trial court denied plaintiff's motion and granted defendant's motion that plaintiff take nothing.

Plaintiff appeals on 6 points, contending:

1) The trial court erred in sustaining defendant's motion for summary judgment, and in overruling plaintiff's motion.

2) The trial court erred in not giving full faith and credit to the Pennsylvania judgment.

The record reflects defendant Johnson was an employee of Scott Paper Company; that defendant executed an installment note payable to Delaware County National Bank of Chester, Pennsylvania for $3978; that such note contained authority for confession of judgment by an attorney if the note was not paid; that Scott guaranteed payment of the note; that the note was not paid by defendant; that Scott paid the note and was assigned all interest in the note by the Bank; that Scott filed suit against defendant in Pennsylvania (where the note was payable); that no personal service was had on defendant, but that judgment was confessed on defendant's behalf for $2384.70, (the amount due on the note), in accordance with the terms of the note; that such procedure is lawful in Pennsylvania; and that the judgment was final and was not appealed from.

Article IV, Sec. 1 of the United States Constitution provides:

"Full Faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State."

Texas does not permit judgment obtained by "confession of judgment". Nevertheless a judgment by confession obtained upon a judgment note in a foreign state, recognizing such procedure, will be given full faith and credit in Texas under Article IV, Sec. 1 of the United States Constitution. Hastings v. Bushong, Tex. Civ.App., 252 S.W. 246, W/E Dismd. 39 A.L.R.2d 1232–1260; Baumgardner v. Southern Pac. Co., Tex.Civ.App., 177 S.W. 2d 317 (nwh); Bernard Gloeckler Co. v. Baker Co., Tex.Civ.App., 52 S.W.2d 912 (nwh).

But defendant contends the judgment obtained by fraud in that plaintiff's agent assured defendant it would sign the note as a co-maker, whereas it guaranteed payment of the note.

Whether plaintiff signed the note as a co-maker or guaranteed payment of the note could make no difference. Defendant received the entire principal amount of the note from the bank; defendant defaulted in payment; and plaintiff then paid the bank the amount due on the note. In such situation plaintiff stands in the shoes of the original creditor, and can prosecute an action on the very debt itself. Fox v. Kroeger, 119 Tex. 511, 35 S.W.2d 679, 681, 77 A.L.R. 663. And plaintiff's Pennsylvania judgment was the result of such an action, and such judgment was entitled to full faith and credit by the trial court.

Plaintiff's points are sustained. The judgment is reversed, and judgment rendered for plaintiff. Great Am. Res. Ins. Co. v. San Antonio Plb. Sup. Co., Tex. Sup., 391 S.W.2d 41.

Reversed and rendered.