**D. W. SHAPS, Appellant,**

v.

**UNION COMMERCE BANK, Appellee.**

**No. 7308.**

Court of Civil Appeals of Texas, Beaumont.

Feb. 3, 1972.

Rehearing Denied Feb. 24, 1972.

Berman, Fichtner & Mitchell, Dallas, for appellant.

Akin, Vial, Hamilton, Koch & Tubb, Dallas, for appellee.

STEPHENSON, Justice.

Plaintiff, Union Commerce Bank, brought this action against defendant, D. W. Shaps, upon a judgment plaintiff ob-tained against defendant in the State of Ohio. Trial was by jury but at the close of all of the evidence, the trial court directed a verdict for plaintiff. The parties will be referred to here as they were in the trial court.

The first series of points of error contend the Ohio judgment was not entitled to full faith and credit by the trial court. The record in the Ohio court shows there was no service of process upon defendant and defendant argues that the Ohio court had no in personam jurisdiction upon him to render judgment.

The evidence shows: The defendant executed a demand note payable to plaintiff in the amount of $20,000 on January 13, 1965. That defendant was residing in Ohio at the time and executed the note there. Such note contained this provision:

"The undersigned, and, if more than one, each of the undersigned, hereby authorizes any attorney-at-law to appear in any court of record in the State of Ohio, or in any other state or federal district of the United States, at any time or times after the above sum becomes due, and waive the issuance and service of process and confess judgment against any one or more, or all of them, severally or jointly, in favor of any holder of this note, for the amount then appearing due, together with the costs of suit, and thereupon to release all errors and waive all rights of appeal and stay of execution."

That defendant left Ohio in July of 1965 and moved to Dallas, Texas, where he has since maintained his residence. Thereafter, plaintiff made demand upon defendant for payment of such note, which defendant failed and refused to pay. Defendant had no actual notice of the suit filed against him in Ohio and was not served with process. November 30, 1967, the suit was filed and judgment taken against defendant in the Ohio court. A certified copy of the petition filed in Ohio shows a default by defendant in the payment of his note. A certified copy of an answer filed in the Ohio

court signed by Joseph H. Mehelick as attorney for defendant in effect enters an appearance for defendant, waives service of process, and confesses judgment.

Defendant filed a motion in the Dallas court pursuant to Rule 184a asking the court to take judicial notice of the laws of the State of Ohio and quoting from an Ohio statute which makes provision for the confession of judgment in that state.

The Dallas court found in its judgment that the Ohio judgment was regular on its face in all respects; that it was obtained in its entirety pursuant to the laws of the State of Ohio as they existed on the date of such judgment; and that the Ohio judgment was entitled to full faith and credit in the State of Texas under Art. 4, § 1 of the Constitution of the United States of America.

■ We have been satisfied that the law of the State of Ohio provides for judgment by confession as we have in the case before us. Ohio Civil Statutes, Art. 232.13 (11597). Bulkley v. Greene, 98 Ohio St. 55, 120 N.E. 216. Swisher v. Orrison Cigar Co., 122 Ohio St. 195, 171 N.E. 92. Defendant has cited us no authority to the contrary.

■ There is a long line of authority in Texas that even though Texas does not permit a judgment to be obtained by confession (as in the case before us), a judgment by confession obtained upon a judgment note in a foreign state recognizing such procedure will be given full faith and credit in Texas under Art. 4, § 1 of the United States Constitution. Scott Paper Company v. Johnson, 406 S.W.2d 548 (Tex. Civ.App., Waco, 1966, no writ); Hastings v. Bushong, 252 S.W. 246 (Tex.Civ.App., San Antonio, 1923, error dism.), 39 A.L.R.2d 1232–1260; Baumgardner v. Southern Pac. Co., 177 S.W.2d 317 (Tex. Civ.App., El Paso, 1943, no writ); Bernard Gloeckler Co. v. Baker Co., 52 S.W.2d 912 (Tex.Civ.App., El Paso, 1932, no writ).

■ Defendant also contends his pleadings and the evidence raise a question of fact for the jury to have determined as to his defense of fraud in the procurement of the Ohio judgment. Defendant admitted that he executed the note in question which contained the confession of judgment clause. He also admitted the proceeds of the loan obtained from plaintiff were used to purchase one thousand shares of stock in the Charles Corporation which was his employer at the time. The scheme, which he labels as fraud, is that he was one of many employees of the Charles Corporation entering into a plan to buy such stock so the money borrowed by the employees would be used to adjust the debt structure of Charles Corporation with plaintiff. That a bookkeeping entry was made to reduce the corporation obligation to plaintiff and increase the capital stock of such corporation.

We have concluded this plan, even if established as a matter of law to be fraud, would be intrinsic fraud and not extrinsic fraud or fraud in procurement.

■ The defense interposed in the court below was a collateral attack under the decisions. Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940); Morris v. Jones, 329 U.S. 545, 67 S.Ct. 451, 91 L.Ed. 488 (1947). It is likewise clear that in a suit upon such judgment, no defense may be set up which goes to the merits of the original controversy. Milwaukee County v. White Co., 296 U.S. 268, 56 S.Ct. 229, 80 L.Ed. 220 (1935).

■ There is no showing that the alleged fraud was extrinsic; and, as a matter of fact, it is clear that if there was any fraud, it was intrinsic in nature. Fraud must be extrinsic to constitute any defense to the action upon the judgment. Crouch v. McGaw, 134 Tex. 633, 138 S.W.2d 94 (1940); United States v. Throckmorton, 98 U.S. 61, 25 L.Ed. 93 (1878). See also Midessa Television Co. v. Motion Pictures for Television (5th Cir. 1961), 290 F.2d 203, cert. den., 368 U.S. 827, 82 S.Ct. 47, 7 L.Ed.2d 30 (1961).

Jurisdiction was not obtained over the defendant by fraud as shown by the circumstances outlined above.

Affirmed.